## Grove's Estate

332

334

*Percival H. Granger, Howard S. Spering,* and *John B. Rutherford,* for exceptants.

*Barnes, Biddle & Myers,* contra.

Bok, J., May 8, 1936.—In writing his will as he did, the testator may have labored under a misconception of the rule against perpetuities. All of its provisions pertinent to the instant question betray an effort to benefit those who were alive at the time of his death. The care with which the ultimate remainder is given to the charity appears to serve the same thought.

The thoroughness of this ultimate gift also provides the solution of the question before us: "so that the said 'Church Home for Children' shall eventually become entitled and shall receive the whole of my residuary estate of whatever character it may be and wheresoever situated."

In our opinion, the "residuary estate" referred to is the entire residuary estate as the testator left it at death. The exceptants ask us to slice off a portion of it by implying a gift in fee to particular brothers and sisters and their issue, and to leave as the residuary estate, payable to the charity, only those shares which would be left over because of the failure of a particular brother or sister to leave issue surviving him or her.

We cannot imply a gift in face of a specific gift. This distinguishes the instant case from Beilstein et al. v. Beilstein, 194 Pa. 152, and List's Estate, 283 Pa. 255. In each of those cases the point was to discover who the ultimate remainderman was supposed to be. Here the will is clear in that respect. We may not, therefore, resort to implications and rules of construction to reach a result, admittedly more just to the family, which is different from the testator's expressed scheme of distribution.

The exceptants ask us to substitute "or" for "and" in the first sentence of the final paragraph of the residuary item in the will. As said in Simpson's Estate, 304 Pa. 396:

"We said in Worst v. DeHaven, 262 Pa. 39, that the word 'or' may be read as if it were 'and' and 'and' as if it were 'or' when it is absolutely necessary to carry out the expressed intent of the testator but only in that event."

To do so here would be rather to change the expressed intent of the will than to carry it out. We therefore hold that the italicized words in the phrase, "and upon the death of the last survivor of my said brothers and sisters, should none of them leave *issue surviving*", connote a definite and not an indefinite failure of issue: Belcher's Estate, 211 Pa. 615.

The exceptions are dismissed and the adjudication is confirmed absolutely.