## McFadden's Estate

*Eugene P. Balderston* and *John B. Hannum, Jr.*, for appellants.

*R. Paul Lessy*, for Commonwealth.

McDONOUGH, P. J., April 7, 1941.—The indisputable fact in this case is that decedent has paid to the Commonwealth of Pennsylvania $2,357.41 in excess of the amount fixed by law.

In four prior efforts to settle this appeal the judge of this court, who is the writer of this opinion, intrigued by the metaphysics of the abstract opinion of those in the matter discussed, lost sight of the common justice of this business.

Upon more mature reflection (and this motion for a reargument was filed at the court's instance), unless

the appellant here can collect that which has been unduly and unjustly retained from him, there is something the matter with the law or with the judicial personality administering it.

The impasse which developed in the record in this case arose out of an anomaly of the law which, without respect to values, limits the Commonwealth of Pennsylvania to the right to receive a sum not in excess of 80 percent of that sum which the United States Government exacts as Federal estate tax.

The calendar of events in this case is as follows:

George McFadden died testate on January 5, 1931, a resident of Delaware County, Pa., and on January 12, 1931, letters testamentary were duly granted to Edward Browning, Jr., and George H. McFadden.

On December 28, 1931, the executors of the will of George McFadden paid $200,000 to the Register of Wills of Delaware County on account of the transfer inheritance tax, and on March 16, 1932, they made an additional payment on account of the transfer inheritance tax to said register of wills of $182,476.02. At the time and as a counterpart of the latter payment and in protestation of the amount deposited as the correct amount of the tax, said executors' attorney handed to said register of wills a letter dated March 15, 1932. Both of said payments were acknowledged by receipts issued by the register of wills and countersigned by the Secretary of Revenue.

The statute of Pennsylvania provides that payment of tax shall not operate to defeat the right to appeal.

The said executors filed their first and final account which was called for audit on October 10, 1932, and by adjudication of the Orphans' Court of Delaware County, filed October 18, 1932, and a schedule of distribution approved November 28, 1932, the residue of decedent's estate was awarded and paid over to the trustees for the uses and purposes declared in said decedent's will, subject to the payment of any additional

inheritance or estate taxes that might be due the Commonwealth of Pennsylvania or the United States Government.

Decedent at the time of his death was a partner in the partnership of George H. McFadden & Bro., of Philadelphia.

On April 13, 1933, the Register of Wills of Delaware County notified the executors that the appraisement of the estate of decedent for transfer inheritance tax purposes had been filed in his office on April 12, 1933.

In said appraisement the value of the interest of decedent in the firm of George H. McFadden & Bro. was assessed as follows: Value of interest in firm of George H. McFadden & Bro., as of August 31, 1931, determined in accordance with agreement of partnership, dated September 1, 1930, and terminating August 31, 1931, $5,112,962.99.

The appraisement did not allow as deductions, in determining the clear value of the estate subject to tax, the following three items which were set forth in the executors' first and final account and duly adjudicated on October 18, 1932, by the orphans' court as proper debts and administration expenses:

(a) Decedent's Federal income tax for the period from January 1, 1931, to the date of decedent's death, to wit, January 5, 1931, $11,791.50.

(b) Accounting services rendered by Lybrand, Ross Bros. & Montgomery to the executors of decedent's estate during the period of its administration, $2,500.

(c) Accounting services rendered by Joseph Wenlock to the executors of decedent's estate during the period of its administration, $1,000.

On May 8, 1933, the trustees under the will appealed to the orphans' court from the appraisement of the estate for transfer inheritance tax purposes and contended (a) that the appraisement of decedent's interest in the firm of George H. McFadden & Bro. of $5,112,-962.99 was excessive, arbitrary, and void and not a fair

and conscionable appraisement, and (*b*) that said appraiser erred in not allowing as deductions in determining the clear value of the estate subject to tax the debt of decedent amounting to $11,791.50 for Federal income tax for the period from January 1, 1931, to January 5, 1931, and accounting expenses of administration of the estate paid to Lybrand, Ross Bros. & Montgomery, accountants, of $2,500, and to Joseph Wenlock of $1,000.

The appraised valuation of decedent's taxable estate by the Federal Government for Federal estate tax purposes as finally determined by the judgment of the District Court of the United States for the Eastern District of Pennsylvania entered on August 28, 1937, in the case of McFadden et al., Execs., v. United States, 20 Fed. Supp. 625, was $4,797,487.63, and the total Federal estate tax was $475,148.26.

The fair conscionable value of the interest of decedent in the firm of George H. McFadden & Bro. at the date of decedent's death was $4,538,520.63, for Federal estate tax purposes. The valuation of decedent's taxable estate was $4,797,487.63, for Federal estate tax purposes.

If Lybrand, Ross Bros. & Montgomery and other certified public accountants of Philadelphia, who are competent and duly-qualified expert appraisers, were produced as witnesses on behalf of appellants, they would testify that the fair conscionable value of the interest of decedent in the firm of George H. McFadden & Bro. at the date of decedent's death was $4,538,-520.63 and that the clear value of decedent's taxable estate was $4,797,487.63.

This appeal was not sooner prosecuted because, after the appeal was filed and the citation was served on the register of wills, counsel for appellants suggested to counsel for the register that any action on the appeal be postponed until the valuation of the estate had been determined by the Federal authorities, and counsel for

the register acquiesced in such postponement. There was continuous litigation between the representatives of the estate and the United States Government, involving the valuation of the estate subject to Federal tax, from January 5, 1932, to August 28, 1937, when that litigation was terminated by the judgment of the District Court of the United States for the Eastern District of Pennsylvania, referred to above. The time for appealing from said judgment under the applicable statutes of the United States did not expire for three months.

The letter of March 15, 1932, to the register of wills, referred to above, is as follows:

"You will recall that on December 30th a payment of $200,000 on account of the transfer inheritance tax on the above estate was made to you and that on the 10th inst. John B. Hannum, Jr., Esq., my associate in Delaware County, wrote you that the estate is now prepared to pay the balance of the tax. The total principal amount of tax due by the estate, as we figure it, is $382,476.02, and I enclose herewith a check of Edward Browning, Jr., to the order of the Register of Wills of Delaware County, Pa., for $182,476.02 drawn on Girard Trust Company and certified by the drawee bank, in payment of the balance of the principal amount of the tax as computed by the executors. If on the final determination of the amount of the tax it is ascertained that a less amount is due than the payments that have been made, it is understood that any overpayment will be refunded, and of course it is also understood that any deficit as finally determined will be paid, together with whatever interest is due on account of the delayed payment. I shall be obliged if you will arrive at your final determination and let me know the result thereof as promptly as possible."

An additional fact is that, after the proceedings on the Federal side had been concluded, the fiduciaries of the estate on February 4, 1938, filed an application

with the Pennsylvania Board of Finance and Revenue for a tax refund of the sum which this appeal alleges is in excess of the amount due and which, as alleged by them, was erroneously paid by them on March 16, 1932, being a portion of the payment of $182,476.02 referred to above. Said petition was presented to said board on June 7, 1938, and on June 10, 1938, the board made the following order: "Action on this petition is continued until the next meeting of the board."

The petition again came before the board on December 6, 1938, and on December 14, 1938, the board made the following order: "And now, to wit, December 14, A. D. 1938, this petition is refused for lack of jurisdiction."

On January 6, 1939, the executors filed with said board a petition for reconsideration of said petition for refund of transfer inheritance tax, a copy of which is attached and made a part hereof, and on April 13, 1939, the board made the following order: "Upon due consideration this petition for rehearing is granted."

On June 5th, the petition for refund again came before the Board of Finance and Revenue, and on June 8, 1939, the board made the following order: "Action on this petition is continued to a future meeting of the board." And on July 21, 1939, the board made the following order: "After full consideration this petition is refused."

No answer was filed to said petition for refund nor was any testimony submitted.

The revenue officers of the State, of course, had the notice inferable from the advertisement of the account filed by this decedent's representatives.

The account contained items of credit for the three specific items that are categoried as debts due by decedent's estate and also contained credits for the amount of taxes paid as therein set forth. To none of these was exception filed and in the interlocutory decrees the appeal was sustained as to these three items.

As to the other item, it was refused because of the court's adopting the suggestion of Commonwealth counsel that the conduct of the fiduciaries here in submitting their problem to the Board of Finance and Revenue estopped from further action, or again trying that issue. With this the court was in accord, and in the prior adjudication the item dealing with the value of the interest of decedent in the partnership estate was not affirmed by this court on the appeal.

To those interested in the metaphysics which brought this conclusion, reference is here made to the opinions of this court heretofore filed.

It is doubtful that the legal equipment of the reader will be much enhanced by that experience because whatever may have been the proceedings in the Board of Finance and Revenue if that board was without jurisdiction, as it has said it was, to entertain the matter, its judgment is nil and, regardless of whether the board thought its powers comprehended jurisdiction of such a question, if in point of law they did not, then again the decree of that tribunal made without jurisdiction has no binding effect upon the courts, there being no appeal from the board's decision. See Short's Estate, 315 Pa. 561.

The factors presently impressing this court are these: This appeal from the assessment of inheritance tax was made on May 8, 1933.

Some idea of the difficulty of the problems confronting large taxpayers may be gathered from the fact that, under the law of Pennsylvania, the amount due to the Commonwealth is only 80 percent of the amount which is ultimately ascertained to be due to the United States and the time-taking effort to ascertain this fact consumed an intervening period of nearly 3½ years. The record explains fully the justification for this expenditure of time.

During that time no action was taken by either of the parties respecting the appeal and, of course, none

could have been effectively taken until the Federal side (including the courts) had disposed of the ultimate factor of liability to the United States. Within its statutory authority, of course, the Board of Finance and Revenue might adjudicate a tax liability definitely. The function of this board does not appear to be the subject of interpretation by the appellate courts of this State.

It is suggested in Ernst's Estate, 317 Pa. 367, that the feature of values is a matter for determination only in the orphans' court. This is in consonance with the opinions of the office of the Attorney General—see Inheritance Tax Refunds, 13 D. & C. 106—which in a kindred sense was the conclusion reached by Judge Stearne in Patterson's Estate, 17 D. & C. 299.

On the Federal side, in considering Short's Estate, Judge Dickinson intimated that the construction to be placed upon the authority of the Pennsylvania Board of Finance and Revenue is for the recovery of moneys improperly exacted. There could be no exaction of money, either improperly or otherwise, under the law of Pennsylvania unless and until the forum called upon to decide the matter first adjudicates the underlying questions of value and credits to ascertain the net value of the estate.

The second factor which moves the court to this change of view is that, in effect and for all the purposes of the world, this appeal was really adjusted in favor of appellants by the action of the orphans' court which confirmed the executors' account, which executors' account is in consonance with the position taken by appellants in this appeal, then and now.

I do not say that in a particular case the action of these parties in disregarding their own appeal and submitting themselves to another jurisdiction upon the theory that they had improperly paid taxes might not be a matter of serious embarrassment, but it is difficult to see how the doctrine of estoppel can be raised

against these litigants when this court has, in effect, by the confirmation of the fiduciary's account, fixed the factor for distribution and actually distributed the estate.

In these circumstances this court now sustains the appeal filed by these executors in this estate in toto.