### Ramsay Estates.

Argued April 25, 1941.   Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Ralph B. Umsted,* Special Deputy Attorney General, with him *Charles C. Crowell* and *Claude T. Reno,* Attorney General, for appellant.

*Fred B. Trescher,* of *Kunkle, Walthour & Trescher,* for appellees.

OPINION BY MR. JUSTICE STERN, May 15, 1941:

William Ramsay, his brother Robert, and their sister Margaret Ramsay Jones each owned $50,000 par value of bonds—in all respects identical—of the Alabama By-

Products Corporation. By an arrangement, apparently designed to escape inheritance taxation, each of these persons, on May 31, 1932, executed an irrevocable deed placing his or her bonds in trust with the First National Bank and Trust Company of Greensburg, Pennsylvania. In the deed in which William was the donor the net income of his bonds was to be paid to Margaret for life, and at her death the principal to her children in certain designated proportions. In the deed in which Margaret was the donor the net income of her bonds was to be paid to Robert for life, at his death to his wife and children, and the principal ultimately to his grandchildren. In the deed in which Robert was the donor the net income of his bonds was to be paid to William for life, at his death to his wife and daughter, and the principal ultimately to his grandchildren.

William Ramsay died in December, 1933, and Robert Ramsay in February, 1934. An appraisement for inheritance tax purposes was filed in each of their estates in the office of the Register of Wills, in the William Ramsay Estate on March 2, 1934, and in the Robert Ramsay Estate on November 13, 1935, neither appraisement including the Alabama By-Products Corporation bonds. Both estates were audited and distributed in the usual course of administration. On August 21, 1939, the original appraiser having died, another appraiser filed supplemental appraisements for inheritance tax purposes, valuing the $50,000 of Alabama By-Products Corporation bonds in each estate at $17,500 and assessing thereon a 10% tax with added penalties. The executors appealed to the Orphans' Court, which set aside and nullified these supplemental appraisements and assessments. From its decree the Commonwealth appeals.

Where a transfer of property is made under a trust agreement which provides that the income shall be payable to the donor during his life, the real transfer in enjoyment of the property does not occur until his death

and is therefore taxable under the Act of June 20, 1919, P. L. 521: *Husband's Estate,* 316 Pa. 361, 365, 366, 175 A. 503, 505. Certainly, therefore, if William and Robert Ramsay had each placed his bonds in trust, reserving to himself the income for life, with remainder at his death to his children, grandchildren or other beneficiaries, the bonds would have been subject to inheritance tax at the time of his death. The Commonwealth maintains that when the three trust deeds are considered in conjunction with one another it is obvious that the income and principal of the bonds were disposed of in just that manner, and, taxability being determined by the substance and not the form of a transaction, the supplemental appraisements were justified.*

We express no opinion as to whether the arrangement here resorted to was one of permissible tax *avoidance* or of improper tax *evasion,* because in either event we are compelled, for another reason, to affirm the decree of the court below. If an alleged asset of a decedent's estate is brought to the attention of the appraiser, and he, because of an error of judgment deliberately reached with knowledge of all the facts, concludes that it is not subject to the transfer inheritance tax, the law provides a remedy by appeal, and the Commonwealth cannot, as a substitute for such appeal, cause a supplemental appraisement to be made in order to assess the previously omitted property. Only where there has been fraud, an accidental overlooking, or mistake, or where the asset was not revealed to the appraiser, may resort be had to another appraisement: *Commonwealth v. Freedley's Executors,* 21 Pa. 33, 36, 37; *Moneypenny's Estate,* 181 Pa. 309, 37 A. 589; *Rowell's Estate,* 315 Pa. 181, 183, 173 A. 634, 635; *Ernst's Estate,* 317 Pa. 367, 177 A. 19. The subject is now largely governed

---

* According to the Commonwealth's own theory the inheritance tax on the bonds in each estate should be 2%, not 10%.

by the Act of June 24, 1939, P. L. 721, and, while that act permits the filing of a second appraisement even where the failure to include the asset in the first appraisement was due to a mistake of judgment on the part of the appraiser, the supplemental appraisement in such case must be made within one year from the date of the decedent's death.

The question is, then, whether the original appraiser in the William Ramsay and Robert Ramsay estates had before him the three deeds, and decided, after consideration of the matter, that the bonds placed in trust were not subject to the inheritance tax. The executors produced some evidence to show that he knew of the entire transaction. This, however, was not their burden. On the contrary, it was incumbent upon the Commonwealth to establish that the appraiser did *not* have knowledge of the facts, that the deeds of trust were *not* revealed to him, and that therefore the supplemental appraisements were in order. There being a presumption that an appraisement which has become legally fixed by the failure to appeal from it is in all respects regular and complete, the burden is cast upon the Commonwealth to show some later-discovered fraud, accident, mistake or concealment, to warrant the filing of a second appraisement. This is peculiarly true where, as here, a period of five years elapsed between the filing of the first and the filing of the supplemental appraisements, and where the estates have been distributed in accordance with law. It would be unfair, after such an interval, to impose upon the executors the task of proving that the omitted asset had been called to the attention of the appraiser. The Commonwealth did not offer any evidence whatever to justify the filing of supplemental appraisements in the present case instead of appealing from the original ones.

It remains but to add that, if the Commonwealth desires to test the taxability of assets placed in trust

as were these bonds, another opportunity will be afforded when, upon the death of Margaret Ramsay Jones, an appraisement is made of her estate.

The decree in each estate is affirmed; costs to be paid by appellant.