## Heiden Estate

*Robert J. Firman,* for exceptant.

*Wendell R. Good,* for Commonwealth.

WAITE, P. J., November 27, 1948.—This matter is before the court on a petition for a revaluation of decedent's real estate for Pennsylvania State inheritance tax and Federal estate taxes.

The petition for probate and letters testamentary show that decedent died November 2, 1947, leaving surviving as her only heirs at law a daughter, a son and three children of a deceased son. The petition further shows that decedent left no personal estate and that her estate consisted solely of a piece of real estate situated at 18 Lincoln Street, North East Borough, Erie County, Pa., valued at $2,750. The record also shows that on February 3, 1948, the real estate was appraised by the resident Inheritance Tax Department at the sum of $2,750.

There being no personal estate, on February 3, 1948, a petition was presented asking leave to sell the real estate for the payment of decedent's debts and

on the same day the prayer of the petition was granted and a decree entered authorizing a public sale of the real estate on March 4, 1948, for the payment of decedent's debts.

On March 8, 1948, a petition was presented showing that in pursuance of the order the real estate was sold at public sale for the sum of $7,200 and a decree was made confirming said sale.

On August 4, 1948, a first and final account was filed showing total assets of $7,200 and a balance for distribution amounting to $5,660.12.

On October 2, 1948, the account was confirmed absolutely and an order of distribution made.

On October 21, 1948, a petition for an appeal from the appraisement of the Inheritance Tax Department was presented and an order of court made granting the prayer of the petition and fixing November 4, 1948, at 10 o'clock a.m. as the time for a hearing thereon and requiring 10 days' notice both to the Pennsylvania Inheritance Tax Department and to the Collector of Internal Revenue. Notice having been given as required by the order, a hearing was had on November 4th as ordered.

At the hearing the testimony of two qualified and experienced real estate dealers, both living in North East Borough and familiar with real estate values and with the property of decedent, testified that the fair market value of the property in question at the time of decedent's death on November 2, 1947, was $5,500. This testimony was undisputed and, taken with the fact that the property was sold at public sale on August 4, 1948, for the sum of $7,200 leads unmistakenly to the conclusion that the appraisement of the local Inheritance Tax Department at the sum of $2,750 was inadequate and erroneous.

In view of the entire record, we are clearly of opinion that the fair market value of the property at the

time of decedent's death was $5,500 and we so find and direct that both the State inheritance tax and the Federal estate tax be determined upon this revised valuation.

The appraisement of decedent's real estate by the Inheritance Tax Department of Pennsylvania was made on February 3, 1948. Ordinarily if an appeal is to be taken from the value fixed by such appraisement it should be taken within 30 days thereafter, but in Ernst's Estate, 317 Pa. 367, it is held that:

"Where no appeal is taken from an appraisement of property for the purpose of the transfer inheritance tax and it is absolutely confirmed, the appraisement is conclusive on all parties, in the absence of fraud, accident or *mistake*, and a second or supplemental appraisement is a legal nullity."

See also Porter's Estate, 56 Montg. 59, and Adams's Estate, 34 D. & C. 93.

Since the increased valuation of decedent's real estate will increase the Pennsylvania State inheritance tax, the Commonwealth is not opposing the revaluation and, although the Internal Revenue Department was notified of the proceeding for a reappraisal of said real estate, they did not appear at the hearing and have offered no objection.

If the original appraisement, which is clearly shown to be erroneous, were permitted to stand it would be unfair and inequitable to the heirs of this small estate, who are in no way accountable for this error. Since the orphans' court, within the scope of its jurisdiction, is a court of equity, we are clearly of opinion that this reappraised value should be allowed. The estate has been administered with promptness and the first and final account came before the court for audit and distribution at the earliest possible term after decedent's death. No distribution was made under the former order and that order is now re-

voked. The appeal is, therefore, allowed nunc pro tunc.

A revised order of distribution will be made in accordance herewith after the State inheritance taxes and Federal estate taxes have been adjusted and finally determined and a corrected supplemental account filed.