McCandless Estate.

Argued March 26, 1953; reargued April 13, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

Appeal, No. 126,

*Francis J. Gafford,* Deputy Attorney General, with him *James J. Lawler* and *Robert E. Woodside,* Attorney General, for appellant.

*Norman R. Schade,* with him *Campbell, Houck & Thomas,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, June 26, 1953:

James Francis McCandless died testate December 10, 1939. On February 20, 1940, the executors filed a federal income tax return for the decedent for the period beginning January 1, 1939, and ending on December 10, 1939, the date of death. The return included not only income actually received by the decedent in his lifetime, but also income in the form of dividends accrued prior to death but which the executors had not received. On February 20, 1940, the executors paid the federal income tax and the transfer inheritance tax was then settled and paid, the executors taking credit for the amount paid for federal income tax.

Thus it appears that the executors settled all sums due the Commonwealth for transfer inheritance tax, and nobody contends differently.

In computing income for the taxable year the Revenue Act of 1938 required the inclusion of amounts accruing to the date of death, even though not received until afterwards,—in this case dividends declared but not paid.

The Internal Revenue Code of 1942, §134 (a), 26 U.S.C.A. §42 (a), changed this requirement by providing that income accrued but not paid at the time of the taxpayer's death should not be included in computing his net income, and made this change retroactive so as to apply to the year 1939, thus giving rise to a refund.

Pursuant to the federal law the decedent's fiduciary amended the 1939 federal income tax return, and in March of 1946 received a refund of $12,231.53. The Commonwealth, in the audit of the second account of the fiduciary, filed its claim for inheritance tax in the sum of $1,223.15 on the said refund. The claim was denied by the court below, and this appeal by the Commonwealth of Pennsylvania followed. The decision of the court below will be affirmed.

It cannot be denied that, when the fiduciaries paid and settled the appraisement for transfer inheritance tax, nothing was then due the Commonwealth. In fact there were no assets of the estate which were not accounted for.

Section 1 of the Act of June 20, 1919, P. L. 521, 72 PS §2301, as amended, provides: "A tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom in trust or otherwise, to persons or corporations in the following cases: (a) When the transfer is by will or by the intestate laws of this Commonwealth *from any person dying seized or possessed of the property. . ."* (Italics supplied).

The refund of $12,231.53 obtained by the fiduciary was not something of which the decedent died seized or possessed. We quote from the opinion of Mr. Justice ALLEN M. STEARNE, when judge of the Orphans' Court of Philadelphia County, in *Borie's Estate*, 13 D. & C. 355, 358, which has many times been approved by this Court:[1] "In my opinion, an appraisal of the clear value of an estate and the assessment of the tax draws, as it were, a red line across the page, and, unappealed from, becomes final, conclusive and binding upon all parties."

---

[1] *Commonwealth v. Chamberlin Estate*, 346 Pa. 472, 474, 31 A. 2d 93; *Haid Estate*, 347 Pa. 159, 161, 32 A. 2d 25; *Reynolds Estate*, 359 Pa. 616, 620, 60 A. 2d 57.

The situation is analogous to one where, after the death of the decedent, the estate receives a gift or bequest from another party. In such a case it is clear that the decedent did not die seized or possessed of this gift or bequest, and that it is only property of which the decedent did die seized or possessed that is subject to the tax.

Decree affirmed at the cost of the appellant.