## Sadler's Estate (No. 1).

Argued November 17, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

604

[redacted]

*Hermas L. Weary,* with him *Weary, Hess & Humer,* for appellant.

*Edwin M. Blumenthal,* with him *Ralph S. Snyder,* Deputy Attorney General, *Addison M. Bowman, Jr., Kenneth W. Hess* and *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 4, 1956:

The appeal, in an assessment of transfer inheritance tax, is from the disallowance of a credit for the unpaid balance of an attorneys fee due in the estate of testator's deceased wife.

The facts are presented by a stipulation. The tax assessment appealed from is not in the record. Helen B. Sadler, wife of Horace T. Sadler, died May 17, 1950. Testatrix devised and bequeathed her entire estate to her husband and appointed him executor. An appraisement and assessment of transfer inheritance tax was made, from which no appeal has been taken. The tax assessment has, therefore, become final and conclusive: *Darsie Estate,* 354 Pa. 540, 47 A. 2d 815; *Reynolds Estate,* 359 Pa. 616, 60 A. 2d 57; *McCandless Estate,* 374 Pa. 551, 97 A. 2d 807.

According to the stipulation, a credit was allowed in the wife's estate for an attorney's fee of $61,567.65,

due Frederick J. Templeton, Esq. The attorney was paid $3,000 on account of his fee, leaving a balance due him of $58,567.65. The husband-executor commingled the wife's estate with his own. The husband died February 27, 1953, and appointed Mr. Templeton the executor of his will. The lawyer died June 7, 1953, before either estate was settled and distributed. The Farmers Trust Company was appointed Administrator d.b.n.c.t.a. of the husband's estate.

In the appraisement and assessment of transfer inheritance tax on the *husband's* estate here appealed from, the court refused to allow as a credit the unpaid balance of the attorney's fee earned in the settlement of the wife's estate and allowed in that estate as a proper deduction.

We agree with the learned court below that the same credit may not be allowed in *both* estates for the same deduction. Credit having been taken in the wife's estate, it may not be *again* deducted in the husband's estate. It was only after all debts and taxes due in the wife's estate were paid and liquidated that the husband acquired the net balance of the wife's estate. We are now concerned in the present appeal with fixing the *tax liability* and not with questions of distribution. *For tax purposes* the amount of the unpaid attorney's fee, so allowed in the wife's estate as a deduction, and remaining unpaid when the estates were commingled, does not form part of the *husband's* estate. If so included, it must be omitted in the tax appraisement. While it is true that the same deductions may not be allowed twice, neither may the Commonwealth assess the same fund twice.

In the opinion of the court below, it appears that the executrix of the estate of Mr. Templeton (the lawyer) agreed to accept $40,000 in compromise settlement of the allowed deduction of $58,567.65. Since the

entire fee of $61,567.65 was allowed as a proper deduction, the subsequent payment in compromise is not a matter for consideration in assessing the present tax. In the cases above cited, this Court held that after an assessment becomes final, the Commonwealth may not claim additional taxes if, upon a sale of the assets so assessed, a greater price is obtained; neither may the estate beneficiaries nor fiduciaries secure a reduction in tax should the property realize less than the amount of the assessment.

Since the stipulation does not disclose the details of the appraisement and assessment, the record is remanded with direction to make another appraisement and assessment in accordance with this opinion. Costs to abide the event.