## Bailenson  Estate

*Weisberg & Gumnit*, for petitioner.

*Irvin Stander*, Special Assistant Attorney General, for Commonwealth.

BURKE, J., May 19, 1961.—This case is before the court en banc on petition and preliminary objections.

Decedent died on February 23, 1959, five days after having opened a joint savings account on February 18, 1959, at Girard Trust Corn Exchange Bank under the caption "Mrs. Lena Beck or Mrs. Rose Nickles, her sister." The original deposit was $10,252.67 which was provided from the closing of another account at the same institution which was titled: "Mrs. Lena Beck (decedent) in trust for Miss Eleanor Bailenson (now Eleanor Bailenson Heller)", decedent's daughter and present petitioner. The latter account had been opened on July 24, 1944.

The Commonwealth filed an inheritance tax appraisement on June 12, 1959, assessing a tax at the collateral rate of 15 percent on the account balance. The assessment of the tax, in the amount of $1,537.90, was based on the statutory presumption that the transfer, having been made five days before death, was in contemplation of death.

On May 1, 1960, approximately 11 months subsequent to the date of the appraisement, a petition for citation was filed in this court, directed to the register of wills, to show cause why an appeal nunc pro tunc should not be allowed.

The petition avers that inheritance taxes at the rate of two percent were paid and upon receiving the appraisement fixing the rate at 15 percent she was not aware that an appeal therefrom should have been taken within 60 days, as provided by the Act of May 27, 1943, P. L. 757, sec. 3, 72 PS §2327. The petition was further founded on the averment that decedent's daughter having been the original beneficiary of the taxed fund, the purpose of the transfer to decedent and her sister was not intended to convey any beneficial interest to the sister, but merely to facilitate the administration of decedent's estate by having the debts

paid out of the fund and the balance remitted to the daughter, subject to the two percent rate. A more clearly defined transfer in contemplation of death can hardly be imagined.

Paragraph 6 of the petition erroneously states the date of the transfer as February 18, 1949. By stipulation of counsel it is agreed that the correct date was February 18, 1959.

On the subject of the finality of an appraisement, the Supreme Court said, in Reynolds Estate, 359 Pa. 616 (620):

"When an appraisement and assessment purport to be a final determination of the value of the *property appraised* and the *rate assessable*, the assessment and appraisement are conclusive, except on appeal, even though it may subsequently appear that a mistake in judgment had been made either as to the *value* of an asset or the *rate* of tax. . . ." See Sadler's Estate (No. 1), 383 Pa. 603; Jones Estate, 390 Pa. 599 (1957).

The balance of the account having been transferred to decedent and her sister, and no appeal from the appraisement having been taken within 60 days, petitioner is precluded by the interdiction of the statute.

The grounds for the allowance of a petition for an appeal nunc pro tunc in inheritance tax matters are limited to fraud, accident or mistake not relating to the appraisement: Holtzapple Appeal, 68 D. & C. 201. No such averments are alleged in the petition.

Accordingly, the court enters the following

### Decree

And now, May 19, 1961, the petition for leave to file an appeal nunc pro tunc from the appraisement for transfer inheritance tax filed in the estate of Lena Bailenson, also known as Leah Bailenson, deceased, is dismissed.