## Porter Estate

*High, Swartz, Roberts & Seidel,* for petitioner.

*J. Brooke Aker,* for register of wills.

*Edward J. Ozorowski,* for Commonwealth.

TAXIS, P. J., January 29, 1962.—Petitioner herein is The Security Trust Company of Pottstown, Pennsylvania, surviving executor of the estate of Samuel H. Porter, deceased. Decedent died on June 18, 1957, and included in the assets of his estate was a certain tract of industrial real estate in Pottstown on which

factory and warehouse buildings are situated. This was appraised at the date of death at $179,915 by Joe L. Bowen, a Pottstown broker, who was employed by petitioner and its co-executor for this purpose. This valuation was accepted by the chief appraiser for the Pennsylvania Department of Revenue, and on August 28, 1959, inheritance tax at the rate of 15 per cent was paid thereon.

Efforts to sell the real estate at private sale were in vain, and it was finally sold at public sale on June 21, 1961, for $70,000. This was the highest bid obtained in competitive bidding.

No appeal was taken from the appraisal within the statutory period of 60 days. The petition now before the court seeks permission to take such an appeal on the grounds that Joe L. Bowen, who appraised the property, made a grossly mistaken and unreasonable appraisal. The petition further states in paragraph seven, "The reason for the said Executors having failed to file an appeal from the inheritance tax appraisal within the sixty days thereafter allowed by law was their mistaken notion of the true value of the property, a mistake which was not revealed to them until June 21, 1961, when the property was sold as aforesaid at public auction sale . . ."

Mayme B. Rothenberger, Register of Wills, is the sole respondent named, and on her behalf there have been filed three preliminary objections. The first, a demurrer, contends that all of the facts stated in the petition, even if taken as true, do not entitle the petitioner to appeal nunc pro tunc. The second sets forth that there has been a non-joinder of the necessary party, the Commonwealth of Pennsylvania, and the third complains that the petition does not conform to Orphans' Court Rules 102 and 103, which require such papers to be filed with the register of wills.

The first preliminary objection is sustained. Since the appeal is sought to be taken beyond the statutory period, the action requires the permission of the court. The specific requirements for the granting of such permission have not been passed upon by the Supreme Court, but lower court authority on the matter is almost uniform, and can be summed up in the following language from Long Estate, 10 Fiduc. Rep. 573: "To justify an appeal nunc pro tunc from an appraisement for inheritance tax purposes there must be such fraud, accident and mistake not relating to the appraisement but relating to why such appeal was not taken in the statutory period." See also Bailenson Estate, 23 D. & C. 2d 744.

In the matter at hand, the only reason advanced in support of the petition is that the executors, their appraiser, and the Commonwealth, were all in error as to the value of the premises. Even assuming the questionable premise that the property did not decline in value in the two years between the date of valuation and the date of sale, mere incorrectness of value cannot constitute the type of "fraud, accident and mistake" required for a late appeal.

Essentially, petitioner seeks a second appraisal. This approach to the problem has been thoroughly considered by the Supreme Court, and neither the Commonwealth nor the estate is entitled to more than one appraisal. In Sadler's Estate (No. 1), 383 Pa. 603, the Supreme Court said, ". . . this Court held that after an assessment becomes final, the Commonwealth may not claim additional taxes if, upon a sale of the assets so assessed, a greater price is obtained; neither may the estate beneficiaries nor fiduciaries secure a reduction in tax should the property realize less than the amount of the assessment." This was not new law; similar authority may be found in Ernst's Estate, 317

Pa. 367, and Moneypenny Estate, 181 Pa. 309. And in Commonwealth v. Freedley's Executors, 21 Pa. 33, the Supreme Court wrote at length on this problem, and said, ". . . the system provided for collateral inheritance taxation, . . . does not admit of opening, to take in additions to the clear value of property once assessed. That property is vested in the heir or devisee. If it appreciates, after it comes to him, it is his good luck,—if it depreciates, it is his misfortune; but, as the state would not submit to a reassessment for the purpose of diminishing her tax in the event of a subsequent depreciation, she is not entitled to a reassessment. . . . If she may, [reassess] when are such returns to cease? And at what intervals are they to occur? How long and how often are heirs and devisees to be subject to such visitations? The law has prescribed no rule for tortures of this sort, and, therefore, they may not be inflicted."

It is this pressing, practical necessity for an end to litigation which distinguishes the present case so sharply from other lower court cases where appeals nunc pro tunc have been allowed. In Shultz Estate, 79 D. & C. 145, nonexistent securities were inadvertently included in the appraisement. In Holtzapple Estate, 68 D. & C. 201, a share in a trust estate was appraised and taxed, but did not belong to decedent. Comparable mistakes were made in Tagg's Estate, 38 Dauph. 48, and Hoffman Estate, 14 D. & C. 2d 528.

In these cases, the issues were strictly factual, and were capable of resolution on appeal with finality. The failure to take timely appeal was not related to value in any way. Besides, the value of property on a given date in the past is opinion at best, and there is no certainty that later opinions are better than earlier ones. To allow the appeal in this case would be directly contrary to the rule against second appraisements.

In passing, the court notes, and rejects, the authority of Heiden Estate, 67 D. & C. 580, and Adams' Estate, 34 D. & C. 93. Heiden Estate is, strictly speaking, inapplicable, since the appraisal was increased with the agreement of all of the interested parties. In Adams' Estate, the court referred to a general statement of equitable principles in Tagg's Estate, supra, and concluded therefrom, in effect, that "mistake" justifying a late appeal includes errors as to value. This result is inconsistent with the balance of reported authority on this point, and cannot be accepted until approved by the Supreme Court.

As to the second preliminary objection, the substantially interested party herein is not the register of wills, but the chief appraiser for the Commonwealth. Since the first preliminary objection must be sustained, it is not necessary to determine whether this nonjoinder by itself would be fatal, but the objection is well taken and is sustained. The register of wills is the agent of the Commonwealth only for collection of the tax, and for passing upon debts and deductions: Act of June 20, 1919, P.L. 521, sec. 21; 72 PS §2381. It would be essential to the allowance of a petition for a late appeal that the Commonwealth have an opportunity to defend against it and, although here the register of wills has filed a very helpful and informative brief, the soundest way to avoid difficulty in general is to join the Commonwealth as a respondent, and such practice should be observed in the future.

The third preliminary objection contends that the petition at hand should have been filed with the register of wills, under Orphans' Court Rules 102 and 103. These rules, however, deal literally with "appeals" only, and it cannot be said that there is no difference between a petition for leave to file an appeal, and an appeal. The first is addressed to the discretion of the court, but the second is a matter of right; the third

preliminary objection is overruled. Practically, however, the procedure suggested by the objection is sound, and common sense dictates that the reasons for rules 102 and 103 are as applicable to petitions for late appeals as they are to appeals. An amendment to these rules to cover the present situation explicitly may be in order.

And now, January 29, 1962, the petition is dismissed.