## Guziak Estate

*Robert S. Englesburg*, for the commonwealth.
*Wayne H. Port*, for appellant.

CAPUZZI, *J.*, April 3, 1986 — This matter is before the court pursuant to an appeal filed on behalf of the estate of Mary Guziak, also known as Anna Mary Guziak, deceased, seeking a reversal of the decision of the Pennsylvania Department of Revenue, Board of Appeals declaring as fully taxable the 34 certificates listed on Schedule F of the decedent's state inheritance tax return.

### FACTS

Mary Guziak died on December 8, 1983. The 34 certificates in question were jointly owned by her and her various family members. Pursuant to information contained in reports received from various financial institutions, the Pennsylvania Department of Revenue issued assessments for each certificate taxing the estate on only a percentage of the value of the certificates rather than on the full value of the asset. The tax on all of the certificates was settled by September 5, 1984. On December 14, 1984, the commonwealth filed a protest with the board urging that a second assessment was in order because of al-

leged "misrepresentations" by members of the estate regarding the character of ownership of the certificates. By order dated December 12, 1985, the board sustained the commonwealth's protest.

This appeal raises three issues: (1) Was the commonwealth's protest timely? (2) If not, did the board err in permitting the late filing? (3) If not, are the certificates fully taxable?

For reasons which follow, the court concludes that the protest was not timely and that the board erred in allowing it.[1]

## DISCUSSION

The period of time for filing a protest under the Inheritance and Estate Tax Act is governed by 72 Pa.C.S. § 1786 which provides in pertinent part:

"(a) General Rule—Any party in interest, including the commonwealth and the personal representative, not satisfied with the appraisement, the allowance or disallowance of deductions, the assessment of tax, of supplements or any other matter relating to tax imposed by this chapter, within 60 days after receipt of notice of the action complained of may:

"(1) file with the department a written protest, sending a copy thereof to the office of attorney general . . . ."

The estate suggests the statute clearly demonstrates that the 60-day protest period began to run from receipt of the notice of the "action complained of," here the assessment of the certificates as contained in the commonwealth's notice of assessment of jointly held assets (Form 1548EX) issued

---

1. Accordingly, it becomes unnecessary to address the third issue.

after the taxes on each certificate were paid and settled.

Conversely, while conceding that if this position is correct its protest was untimely, the commonwealth proposes that such an interpretation would result in piecemeal litigation of multiple and variously received assessments of individual joint accounts within the same estate and that, accordingly, judicial economy dictates that the protest period should be construed to commence from a single date, to wit: the filing of the overall appraisement (Form 1547EX) of the estate which contained reference to all the certificates and was filed on October 16, 1984.[2] If this view was accepted then the protest would have been timely.

However, the court cannot escape the plain intention of the statute for reasons of judicial economy, nor can it ignore the clear instructions appearing on Form 1548EX which explicitly provide, inter alia, that "any party in interest not satisfied with the . . . assessment of tax . . . as shown on this notice must object within 60 days of *receipt of this notice*" (emphasis added), for to do so would be to render the same meaningless.

Alternatively, the commonwealth argues that if the estate's position is accepted, the board properly allowed the untimely filing of the protest by concluding that the commonwealth had been defaulted because certain parties in interest had misrepresented the character of ownership of the 34 certificates. This assertion is based upon the decisions rendered by *Ramsey Estates,* 342 Pa. 103, 20 A.2d 213 (1941), and its progeny which stand for the

2. The commonwealth apparently did not raise this argument before the board since its opinion assumes the protest was not timely filed.

proposition that once the 60-day period runs a presumption arises that the action complained of is in all respects regular and complete and the burden is cast upon the "party in interest" to show some fraud or its equivalent to warrant the filing of a second assessment.

This argument may have merit if the commonwealth had demonstrated reliance upon the alleged misrepresentations in determining its initial assessment of the subject certificates. However, the record and the commonwealth's brief clearly reveal that said assessments were based solely upon the information contained in the reports received from financial institutions relative to the certificates.

Accordingly, the court concludes that the commonwealth has not met its burden in establishing a nexus between the alleged misrepresentations and its assessments of the subject certificates and that it was an error to sustain the protest and to allow a second assessment.