645 A.2d 470

**In re SWARTHMORE COLLEGE From the decision of the Board of Assessment Appeals of the County of Delaware in connection with Premises at 508 Field House Lane, Borough of Swarthmore, Pennsylvania, Relating to 1991 Real Estate Assessment and all subsequent assessments during the pendency of appeal.**

**Appeal of WALLINGFORD SWARTHMORE SCHOOL DISTRICT, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 1994.

Decided July 8, 1994.

Thomas H. Broadt, for appellant.

Susan E. Line, for appellee.

Before SMITH, and KELLEY, JJ., and DELLA PORTA, Senior Judge.

KELLEY, Judge.

Wallingford Swarthmore School District (district) appeals from the April 19, 1993 order of the Court of Common Pleas of Delaware County (trial court) reversing a decision of the Delaware County Board of Assessment Appeals (board) which denied Swarthmore College's tax assessment appeal regarding property located at 508 Field House Lane, Borough of Swarthmore, Pennsylvania. The issues presented are: (1) whether there is sufficient evidence to conclude that the property is actually and regularly used for the purposes of the college and is necessary for the occupancy and enjoyment of the college; (2) whether the dominant purpose of the property is to provide housing to campus personnel as a mere convenience to the college; and (3) whether the college has met the burden of proving that the resident/employee of the property is called upon to respond to emergencies more than incidentally or infrequently.

Swarthmore College, a Pennsylvania non-profit corporation organized and operated exclusively for educational purposes, owns the property located at 508 Field House Lane. The college contains approximately 330 acres and has its own heat

plant, electrical distribution system, security force, safety system, shuttle buses and numerous plumbing facilities. On campus housing is available to the students enrolled at Swarthmore College.

The college owns approximately fifty houses of which eight are rented to central service staff. Swarthmore College has held the title to the eight properties since the 1920s.

The college's grounds man crew leader, Thomas Lohse, has lived in the house located on the property since 1980. Effective January 1, 1991, the board assessed the property at $2,800.00 for real estate purposes for the first time. After the board denied its tax assessment appeal, Swarthmore College filed a petition for real estate tax assessment exemption with the trial court.

At the hearing, the parties stipulated that Swarthmore College is a tax exempt educational institution pursuant to article VIII, section 2(a)(v) of the Pennsylvania Constitution and section 204(a)(3) of the General County Assessment law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020–204(a)(3). Lawrence M. Schall, the college's associate vice president for facilities and services, testified that the college maintains a staff housing policy set forth in a document entitled "Staff Housing Policy—2/1/91" which outlines to whom the eight properties are to be rented. Mr. Schall testified that the policy was written to clarify the pre-existing policy with respect to the allocation of staff housing and with respect to who makes the decision concerning the allocation.

Mr. Schall testified that essential service staff such as maintenance or grounds security staff are eligible to live in the homes located on the eight properties. He also testified that vacancies are filled based upon what the college's service needs are at the time the vacancy arises and that whoever is chosen to reside in a staff house located on the properties must agree to be available on a twenty-four-hour basis to respond to emergencies and to nighttime calls. Mr. Schall testified that the types of emergencies that the resident staff members are required to respond to are fires, snow, fallen

trees, floods, plumbing problems, and students locked out of their dorms.

Mr. Schall testified that the college charges each resident staff member a discounted rent which averages about seventy (70) percent of the fair market rent. The fair market rent is obtained through a rental appraisal of the houses conducted every four to five years.

He testified further that the resident staff members are charged a discounted rent because of the needed services that the resident staff are providing to the college and the demands that the college is putting on the staff to be on call twenty-four hours a day, three hundred sixty-five days a year. Mr. Schall testified that the college believes that the houses should be used for college purposes, rather than just rented to any person at the highest rate the college could receive because of the needs of the college. In addition, Mr. Schall testified that the college pays all the utilities on the properties and provides all repairs and maintenance.

Mr. Lohse, the current occupant of 508 Field House Lane, testified through deposition testimony that his duties as grounds crew leader included trimming the trees and shrubs located on campus, moving furniture, and performing work on the roadways such as patching potholes and blacktopping. He testified that when he moved into the staff home he understood that he would be required to be available to respond to emergencies. He further testified that (1) from January 1, 1992 through September 25, 1992, he was called to campus after hours approximately six times, three of which were for snow and ice removal and three for fallen tree limbs; (2) in 1991, he responded to approximately six calls to perform after-hours service, again three times for snow and ice removal and three times for fallen tree limbs; and (3) he was called out once after hours to deliver folding tables.

The trial court found that the property at 508 Field House Lane is annexed to Swarthmore College and "reasonably necessary for the occupancy and enjoyment of the same within the meaning of 72 P.S. § 5020–204." The trial court found

further that (1) the actual present use of the property was in conformity with and in furtherance of the general purposes of Swarthmore College; (2) the use of the property necessarily rendered a real function, tangibly or intangibly, in the life of the college; and (3) the use of the property is an integral part of the college and is necessary to carry on the proper functioning of the college, including its educational work.

The trial court concluded that the property located at 508 Field House Lane is exempt from taxation and reversed the decision of the board. On appeal to this court, the district argues that the property is not eligible for tax exemption because it is used as a residence for a college employee whose presence on campus is not essential to Swarthmore College nor is his presence in furtherance of the college's purpose.[1]

Article VIII, section 2, of the Pennsylvania Constitution provides in pertinent part:

(a) The General Assembly may by law exempt from taxation:

\* \* \* \* \* \*

(v) Institutions of purely public charity, but in the case of any real property tax exemptions, only that portion of real property of such institution which is actually and regularly used for the purposes of the institution.

Section 204 of the General County Assessment Law provides in part:

(a) The following property shall be exempt for all county, city, borough, town, township, road, poor and school tax, to wit:

\* \* \* \* \* \*

---

1. This court's scope of review in a real estate tax assessment appeal is limited to determining whether the trial court abused its discretion or committed an error of law, and whether the trial court's findings of fact are supported by substantial evidence. *Pennsylvania Easter Seal Society Appeal*, 67 Pa.Commonwealth Ct. 94, 445 A.2d 1369 (1982). Further, the question of entitlement to a real estate exemption is a mixed question of law and fact and the decision of the trial judge is binding on this court absent an abuse of discretion or lack of supporting evidence in the record. *Lutheran Social Services Exemption Case*, 26 Pa.Commonwealth Ct. 580, 364 A.2d 982 (1976).

(3) All hospitals, universities, colleges, seminaries, academics, associations and institutions of learning, benevolence or charity, including fire and rescue stations, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed and maintained by public or private charity: ...

72 P.S. § 5020–204.

A college or university seeking an exemption bears the burden of bringing itself within the ambit of the exemption, *Presbyterian–University of Pennsylvania Medical Center v. Board of Revision of Taxes*, 24 Pa.Commonwealth Ct. 461, 357 A.2d 696 (1976); the college or university is only required to show that it has a reasonable necessity for the property "embracing the idea of convenience and usefulness for the purposes intended," and is not required to prove that the property is absolutely necessary to its needs. *See Pennsylvania Easter Seal Society Appeal*, 67 Pa.Commonwealth Ct. 94, 97–98, 445 A.2d 1369, 1371 (1982) (citing *Wayne County Board of Assessment v. Federation of Jewish Philanthropies*, 43 Pa.Commonwealth Ct. 508, 514, 403 A.2d 613, 616–17 (1979)). In addition, this court has stated that the sole requirement for tax exemption of a charity's property is that the actual, present use be in conformity with the purposes of the charitable institution. *City of Pittsburgh v. County of Allegheny*, 50 Pa.Commonwealth Ct. 25, 412 A.2d 661 (1980).

The evidence in the instant case establishes that the trial court's order granting a tax exemption to Swarthmore College for the property located at 508 Field House Lane must be affirmed. The record shows that the property is occupied by a resident staff employee for the purpose of having personnel available on a twenty-four-hour basis to handle emergencies requiring immediate attention after normal working hours. This use constitutes an actual and regular use of the property for the purposes of the college and is reasonably necessary for the occupancy and enjoyment of the college.

Mr. Lohse, the resident staff employee residing at 508 Field House Lane testified that he understood that he would be required to respond to emergencies on a twenty-four-hour basis as a condition of living on the property. The record shows that Mr. Lohse responded to emergency situations thirteen times since 1991.

The district argues that emergencies arise too infrequently to constitute actual and regular use furthering the college's purposes and results in a use that is merely incidental. In support of this argument, the district relies on *Albright College Tax Assessment Case*, 213 Pa.Superior Ct. 478, 249 A.2d 833 (1968) and *Appeal of the Shipley School*, 26 Pa.D. & C.3d 419 (1981), *aff'd*, 76 Pa.Commonwealth Ct. 635, 464 A.2d 692 (1983). Both *Albright College* and *Shipley School Appeal* involved the tax exemption of property used as residences for faculty, administrative personnel, and a retired president emeritus. In *Albright College*, the Superior Court held that the record supported the conclusion that the home provided to the president emeritus was to reward him for past worthy service and not for the general purposes of Albright College. In *Shipley School Appeal*, we affirmed the trial court's holding that faculty members' use of the subject property occasionally for school related activities did not constitute the necessary level of actual and regular use.

■ However, the present case involves the college providing residences to maintenance personnel who are used to meet the emergency service needs of the institution. As such, we believe that our decision in *Presbyterian–University* and the Superior Court's decision in *Allegheny General Hospital v. Allegheny County Board of Property Assessment*, 207 Pa.Superior Ct. 266, 217 A.2d 796 (1966), are instructive in resolving the present appeal.

In *Presbyterian–University*, this court pointed out that the presence of personnel near the hospital was advantageous in case of emergency or the unexpected absence of regularly scheduled employees. In addition, we noted that the apartments provided to hospital staff and nurses were not managed

with the intent of making a profit. In *Allegheny General,* the Superior Court found that, in addition to providing living quarters for medical personnel, it was necessary for the hospital to provide living quarters to personnel who could furnish proper maintenance to the premises and who could meet the emergency needs of the housekeeping department.

The record in the present case when viewed in its entirety supports the trial court's findings that the dominant use of the property, which is the subject of this appeal, constitutes the necessary level of actual and regular use. The testimony reveals that the college functions as its own little community and, as such, it is essential to the welfare of the college that there be personnel on campus at all times to handle emergency needs of the college. No one can predict as to when or how often an emergency may arise.

To meet its needs when an emergency does arise, the college developed a staff housing policy. This policy outlines the requirements as to how the property it has set aside to rent to service personnel is allocated to meet the emergency service needs of the college.

One specific requirement is that the employee who is chosen to reside on the property must agree to be on constant call to respond to emergencies and nighttime calls. This results in an advantage to the college by having service personnel who are able to respond much quicker to an emergency than personnel who are living off campus. The college must respond quickly to situations involving plumbing problems, fires, electrical problems, fallen trees, and snow or ice covered roads to reduce any threat to the welfare of its students, faculty and support personnel.

Furthermore, the record establishes that the college is not renting the property with the intent of making a profit. Although each resident staff member must pay rent to the college, he or she only pays a discounted rent with the college retaining the obligation to pay the utilities and maintenance on the property. Mr. Schall established through his testimony that the college charges a discounted rental rate to the

resident staff to induce employees to live on campus to meet the college's objective of providing needed emergency services. This results in the college foregoing the opportunity to reap additional revenues by renting the property at its full rental value.

Therefore, the trial court's findings are based upon substantial evidence in the record and the trial court did not err as a matter of law in concluding that the property located at 508 Field House Lane is tax exempt. Accordingly, the order of the trial court is affirmed.

## ORDER

NOW, this 8th day of July, 1994, the order of the Court of Common Pleas of Delaware County, dated April 23, 1993, at No. 91–10686, is affirmed.

SMITH, J., dissents.