**In re ESTATE OF LEITHAM,**
**Deceased, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 1998.
Decided March 12, 1999.
Reargument Denied April 22, 1999.

Eric J. Fabrizio, Reading, for appellant.

Lora A. Kulick, Harrisburg, for appellee.

Before SMITH, J., KELLEY, J., and McCLOSKEY, Senior Judge.

SMITH, Judge.

The Estate of Margaret E. Leitham (Estate) appeals from a common pleas court order which affirmed a decision of the Department of Revenue (Department) to include the decedent's retirement plan in her taxable estate and to disallow certain real estate transfer expenses in the Department's Notice of Appraisement, Disallowance of Deductions and Assessment of Tax (Notice) on the Estate. The common pleas court also reversed the Department's reduction of the allowable personal representative's commission and ordered that the Estate and its beneficiaries are not liable for any interest or penalties due on the tax upheld because the delay in filing the Notice was attributable solely to the Department. The only issue presented in this appeal is whether the Notice is barred by either a statute of limitations or by the equitable defense of laches.

Margaret Leitham died on September 30, 1988, and at her death the decedent's employer maintained a retirement plan for her benefit. The Estate reported the proceeds of this retirement plan as $180,224.26 on its federal estate tax return. Because the Estate did not believe that the retirement plan was subject to Pennsylvania inheritance tax, it did not report this asset on its Pennsylvania inheritance tax return and, accordingly, paid no inheritance tax on the retirement plan to this Commonwealth. The Estate, however, included a copy of its federal return with its Pennsylvania return, and both returns were filed with the appropriate authorities on June 27, 1988. The Estate also distributed real estate in the decedent's will subject to certain real estate expenses incident to transfer of the property and deducted $4,491.50 in expenses on its Pennsylvania return. Thereafter, the personal representative received her commission, distributed the remaining assets to the beneficiaries and closed the Estate.

On December 22, 1997, over eight years after the Estate filed its Pennsylvania inheritance tax return, the Department filed the Notice, which assessed $29,217.07 of additional inheritance tax and $22,727.08 in penalties and interest based upon the Department's determination that the retirement plan was subject to inheritance tax at the value disclosed on the federal estate tax return and that the real estate expenses, as well as a portion of the personal representative's commission, were not deductible. The Estate

appealed to the common pleas court, which affirmed the Notice in part and reversed in part as mentioned above. In its appeal to this Court, the Estate does not contest the merits of the trial court's decision concerning the real estate deductions, the commission or the taxability of the retirement plan. Rather, the Estate confines its arguments to whether a statute of limitations or estoppel by laches bars the filing of the Department's Notice.[1]

## I.

Sections 2137—2139 of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended,* added by Section 36 of the Act of August 4, 1991, P.L. 97, 72 P.S. §§ 9137—9139, require the Department to make and file a "fair and conscionable" appraisement of property subject to the inheritance tax "within six months after the return has been filed," 72 P.S. § 9137, to determine the allowance or disallowance of all deductions claimed "within six months after the claim for allowance has been filed," 72 P.S. § 9138, and "unless suspended until audit" to make an assessment of taxes "within one month of the filing of the appraisement or determination of deductions, whichever occurs later," 72 P.S. § 9139. The aforementioned time periods are mandatory, and if the Department fails to take any of the necessary actions within the mandated periods, all three of these sections provide that the delinquent appraisement, determination or assessment "shall be made within an additional period as the court, upon application by any party in interest, including the personal representative, shall fix." 72 P.S. §§ 9137—9139.

■■■■■ The Department argues that these sections do not present strict statutes of limitation beyond which the Department may not act.[2] The statute clearly permits some action beyond the mandated times periods, but it also unambiguously makes any such action contingent upon application to the court having jurisdiction by a party in interest. *See* 72 P.S. §§ 9137—9139. Where a statute is unambiguous and does not produce a manifestly absurd result, the Court may not disregard the letter of it. *See* Sections 1901, 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1901, 1921(b). Moreover, statutes relating to taxation are to be strictly construed, and in cases of doubt the construction should be against the taxing authority. *See* Section 1928(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1928; *Penn Traffic Co. v. City of DuBois,* 156 Pa.Cmwlth. 107, 626 A.2d 1257 (1993).

■■■■ The Department contends it is the personal representative who must petition the court to affix a new time period for the Department to perform its duties, and failing such petition, the Department, in effect, may act at any time to file its appraisement, determination or assessment. This construction, however, disregards the clear mandatory language of Sections 2137—2139; each of the three sections unambiguously provides that the Department "shall" act within the specified time periods. 72 P.S. §§ 9137—9139. The Court cannot agree that the later language pertaining to the affixing of a new time period allows the Department to disregard the mandated deadlines at its discretion.[3]

---

**1.** In its brief the Department argues that the court erred in reversing its disallowance of the personal representative's $38,298.00 commission and in ordering that the Estate and beneficiaries are not liable for interest. In the absence of a cross-appeal, those issues are not properly before this Court, and accordingly they will not be considered. *See Pennsylvania Human Relations Commission v. Chester Housing Authority,* 458 Pa. 67, 327 A.2d 335 (1974). Regardless, the Court's outcome on this appeal renders these issues moot.

**2.** The trial courts that have considered the effect of these statutory time periods have reached con-

flicting results. *Compare Zurn Estate,* 3 Pa. D. & C.4th 622 (1989) (holding that the deadlines at issue only permit taxpayers to seek enforcement in the common pleas court once they have expired and that a three-year delay does not bar the Commonwealth from filing an appraisement), *with Brantner Estate,* 18 Pa. D. & C.3d 437 (1980) (holding that the Commonwealth is not granted unlimited time to make the appraisement and that a two-year delay is too long).

**3.** It is also noteworthy that the legislature chose the term "within" in each of the sections when discussing the new time period. Although the term "within" is susceptible to multiple interpre-

■ Thus this Court holds that where the Department fails to perform its statutory duties within the mandated time period, the Department's subsequent authority to file an appraisement, determination or assessment is contingent upon the court's affixing a new time period for it to perform its duties. *See* 72 P.S. §§ 9137—9139. To the extent that the Department's own rulings hold otherwise, they are not in accordance with the letter of the statute at issue and may not supplant the responsibility of this Court to interpret the statute under sound legal principles. In this respect "[a]n administrative body cannot, by mere usage, invest itself with authority or powers not fairly or· properly within the legislative grant; *it is the law which is to govern rather than departmental opinions in regard to it.*" *Commonwealth v. American Ice Co.*, 406 Pa. 322, 331, 178 A.2d 768, 773 (1962) (quoting *Federal Deposit Insurance Corp. v. Board of Finance & Revenue*, 368 Pa. 463, 472, 84 A.2d 495, 499 (1951)).

■ Nothing in Sections 2137, 2138 or 2139 suggests that the broad phrase "any party in interest" is designed to exclude the Department; therefore, an additional period under which the Department may make its appraisement, determination or assessment may be affixed by the common pleas court upon the Department's own application. In this case, however, the Department was delinquent by over eight years, and there is no indication that the Department or any other party in interest ever applied to the common pleas court to affix an additional period for the Department to perform its duties. Therefore, the Department was without authority to file the Notice in this case, and the common pleas court erred in affirming the Department's action.

## II.

■ Moreover, even if the Code does not impose a strict statute of limitations beyond which the Department may not act, the Court concludes that the equitable doctrine of estoppel by laches bars the Department from filing the Notice. Estoppel by laches is a time-honored doctrine "that bars relief when a complaining party is guilty of want of due diligence in failing to promptly institute an action to the prejudice of another." *Stilp v. Hafer*, 553 Pa. 128, 132, 718 A.2d 290, 292 (1998). A party asserting laches must establish two essential elements: (1) a delay arising from the complaining party's failure to exercise due diligence and (2) prejudice to the asserting party resulting from the delay. *Id.* Whether the complaining party acted with due diligence depends upon what that party might have known by use of information within its reach, and prejudice may be found where some change in the condition or relation of the parties occurs during the period the complaining party failed to act. *Id.*

■ The undisputed facts of this case amply establish the essential elements of estoppel by laches. The retirement plan was disclosed on the Estate's federal return, and thus the necessary information was within the possession and knowledge of the Department. During the years since the Department failed to file a timely appraisement, determination or assessment, the Estate has been closed and all assets distributed to the beneficiaries. Defending against or complying with the Notice now presents an unfair hardship for the Estate. *See In re Ramsay's Estates*, 342 Pa. 103, 20 A.2d 213 (1941). The Department offers no explanation that would justify its delay. Accordingly, the Court concludes that the Department is estopped from filing an appraisement, determination or assessment more than eight years after the Estate filed its Pennsylvania inheritance tax return.

■ The Department argues that estoppel by laches cannot be asserted against the Commonwealth in the exercise of its taxing power. Courts have historically been reluctant to apply the doctrine of estoppel to the government for reasons strikingly similar to those supporting the ancient doctrine of

---

tations, because the statute at issue relates to taxation, it is proper for the Court to strictly construe that term to set both the beginning and the end of period in which to act. *See Duddy v. Conshohocken Printing Co.*, 163 Pa.Super. 150,

60 A.2d 394, 395 (1948) (discussing the term "within"). Thus the Department actions may not be taken either before or after the new period fixed by the court.

**1120**

sovereign immunity. *Department of Public Welfare v. UEC, Inc.*, 483 Pa. 503, 397 A.2d 779 (1979). Just as sovereign immunity has been modified in recent years, so too have the courts yielded the great reluctance previously exhibited against applying the estoppel doctrine to the government. *Id.* It is now firmly settled that when all the traditional elements of estoppel have otherwise been established, its application should not be denied merely because it is being asserted against the government. *Id.* Courts nonetheless retain a general reluctance to apply the estoppel doctrine against the government and therefore will require a stronger showing when estoppel is asserted against a governmental entity than when it is asserted against an individual. *Weinberg v. State Board of Examiners of Public Accountants*, 509 Pa. 143, 501 A.2d 239 (1985).

These modern advances in case law left intact the principle which the Supreme Court enunciated in *Commonwealth v. Western Maryland R.R. Co.*, 377 Pa. 312, 105 A.2d 336 (1954). In that case, the Supreme Court held that "failure to collect the tax in the past is no bar to present collection." *UEC*, 483 Pa. at 516 n6, 397 A.2d 779 n6 (discussing *Western Maryland R.R. Co.*); *Weinberg*, 509 Pa. at 151 n5, 501 A.2d at 243 n5 (quoting *UEC*). Unlike the appellant in *Western Maryland R.R. Co.*, however, the Estate does not seek insulation from future tax liability. The Estate instead asserts estoppel by laches against the Department's appraisement, determination and assessment of the specific tax liability that became due upon Margaret Leitham's death, which the Department failed to claim with due diligence. Because the Estate does not seek to bar present collection of taxes, but instead seeks to estop the Department's claim for taxes previously due, the *Western Maryland R.R. Co.* principle is inapposite to the instant case.

■ The Court recognizes that it applied the *Western Maryland R.R. Co.* principle in *Kirkpatrick v. Butler County Commissioners*, 7 Pa.Cmwlth. 106, 298 A.2d 607 (1972), to prevent a taxpayer from asserting estoppel against a county attempting to collect taxes previously due based on the county's intervening errors. Any distinctions between the

Court's outcome in *Kirkpatrick* and the outcome today merely illustrate the settled principle that "the application of laches involves a factual determination and an ad hoc balancing of conflicting interests in each case." *Weinberg*, 509 Pa. at 151, 501 A.2d at 243. Moreover, *Kirkpatrick* was decided before the Supreme Court's decisions in *UEC* and *Weinberg*. Since *UEC* was decided this Court has approved application of the doctrine of estoppel to limit the Commonwealth's efforts to collect taxes previously due under appropriate circumstances. *See Department of Revenue, Bureau of Sales and Use Tax v. King Crown Corp.*, 52 Pa.Cmwlth. 156, 415 A.2d 927 (1980). For the foregoing reasons, the order of the court of common pleas is hereby reversed.

## ORDER

AND NOW, this 12th day of March, 1999, the order of the Court of Common Pleas is reversed.