**REFORM CONGREGATION OHEB SHOLOM**

v.

**BERKS COUNTY BOARD OF ASSESSMENT APPEALS, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 2003.
Decided Jan. 6, 2004.

Edwin L. Stock, Reading, for appellant.

Carl J. Engleman, Jr., Reading, for appellee.

BEFORE: COLINS, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN, Judge, and SIMPSON, Judge.

OPINION BY President Judge COLINS.

The Berks County Board of Assessment Appeals appeals the order of the Court of Common Pleas of Berks County reversing its denial of the application for tax exemption filed by the Reform Congregation Oheb Sholom (Congregation) for the tax parcel located at 7 Vista Road, Wyomissing, Berks County.

The Congregation has as its principal place of business the synagogue located at 555 Warwick Drive, Wyomissing, which property is exempt from taxation as an actual place of regularly stated worship. When the Congregation moved to its present location, it acquired the 0.27–acre parcel at 7 Vista Road, which is located about half a block from the synagogue and is improved with a one-story ranch house. When its synagogue was at its prior location at 13th Street and Perkiomen Avenue in Reading, the Congregation owned and maintained an adjacent property at 1318 Perkiomen Avenue as the residence for its maintenance employee.

The Congregation uses the Vista Road property as the residence for its full-time maintenance employee, Lucille Lott, and her husband, who pay no rent. Lott has worked for the Congregation since 1978, and the Congregation requires Lott to be available 24 hours a day, 7 days a week, although her regular hours are from 9:30 a.m. to 3:30 or 4:30 p.m. on Monday through Friday. Lott must live at the Vista Road property as a condition of her employment. Lott's regular duties include cleaning and general maintenance; she must also be available for meetings and services on evenings and weekends, special events, and emergencies, including responding to frequent alarms.

The Board denied the Congregation's application for exemption of the Vista Road property and assessed the property at $117,800 for the 2003 tax year. The Congregation appealed, and the trial court reversed. Before this Court, the Board argues that the Vista Road property should not be exempt because it does not fall within the constitutional and statutory exemption of actual places of worship and the case law interpreting the statutory exemption. Our review in a tax assessment appeal is limited to determining whether the trial court abused its discretion, committed an error of law, or made findings unsupported by substantial evidence. *Evangel Baptist Church v. Mifflin County Board of Assessment*, 815 A.2d 1174 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 573 Pa. 712, 827 A.2d 1202 (2003).

Article 8, Section 2 of the Pennsylvania Constitution states, "(a) The General Assembly may by law exempt from taxation: (i) Actual places of regularly stated religious worship; . . . ." Pa. Const.

art 8, § 2(a)(i). Pursuant to that authority, the General Assembly enacted Section 204 of The General County Assessment Law (Law),[1] 72 P.S. § 5020.204, which provides, in pertinent part,

(a) The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:

(1) All churches, meeting-houses, or other actual places of regularly stated religious worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same;

. . . .

(b) Except as otherwise provided . . . all property real and personal, other than that which is actually and regularly used and occupied for the purposes specified in this section, and all such property from which any income or revenue is derived . . . shall be subject to taxation. . . .

The taxpayer claiming entitlement to an exemption bears the burden of proof. *Evangel Baptist Church.* Although the Congregation does not contend that the Vista Road property is an actual place of regularly stated religious worship, it does seek to bring the property within the meaning of the exemption, presumably as part of "the ground thereto annexed necessary for the occupancy and enjoyment" of the synagogue property.

In examining the parameters of the exemption for churches, our Supreme Court has held that "the exemption of church property is constitutionally restricted, as education and charitable property is not, to

the actual place of worship. This distinction between church and charitable property has been deliberately and clearly drawn." *Second Church of Christ Scientist v. City of Philadelphia,* 398 Pa. 65, 67, 157 A.2d 54, 55 (1959) (citations omitted) (noting that the "actual" nature of worship is a constitutional requirement and the "necessary" status of the ground annexed is legislative). The Court interpreted " 'necessary' as being reasonable and not absolute, but at once excluded from it what is merely desirable. . . . The status of an actual place of worship has not been extended beyond ingress and egress, and light and air." 398 Pa. at 67, 157 A.2d at 55. Even if we were inclined in this case to extend the exemption, based on the legislative language, to include the Vista Road parcel based on its necessity to the Congregation, we could not. The more restrictive constitutional language does not permit it.[2]

Applying the exemption in a recent case, this Court in *Connellsville Street Church of Christ v. Fayette County Board of Assessment Appeals,* 838 A.2d 848 (Pa. Cmwlth.2003), denied exemption to a former parsonage used principally by the visiting preacher. The Church of Christ owned two parcels, the first parcel consisting of the church building with one-half acre for ingress and egress, and the second, adjacent parcel on which was located a former parsonage to which the Church added a hall and an unfinished addition. We upheld the denial of the exemption of the second parcel on the ground that it was not actually used for regularly stated religious worship.

1. Act of May 22, 1933, P.L. 853, *as amended.*

2. Apparently the constitutional convention of 1873 rejected an effort to amend the constitutional language to specifically include "parsonages owned by any church or religious society with the lands attached not exceeding 5

acres." *Holland Universal Life Church of Love Appeal,* 38 Pa.Cmwlth. 529, 394 A.2d 665, 667 (1978) (citing *Second Church of Christ Scientist v. City of Philadelphia,* 189 Pa.Super. 579, 151 A.2d 860, 863 (1959)).

The courts of the Commonwealth have consistently applied the law to deny exemption to church-owned real estate for the reason that it was not actually used for regularly stated religious worship. *Holland Universal Life Church of Love Appeal*, 38 Pa.Cmwlth. 529, 394 A.2d 665 (1978) (upheld the denial of exemption for a pastor's dwelling house where he conducted "services"); *City of Pittsburgh v. Third Presbyterian Church*, 10 Pa.Super. 302 (1899)(exemption denied to janitor's house that was separate from the church); *City of Philadelphia v. St. Elizabeth's Church*, 45 Pa.Super. 363 (1911)(denied exemption to parsonage separated from the church by a party wall); *Second Church of Christ Scientist* (exemption denied to parking lots on land contiguous to church buildings). To paraphrase Justice Bok in *Second Church of Christ Scientist*, if a clergy house cannot win exemption, *a fortiori*, a maintenance employee's house located half a block away from the synagogue should not either. The Vista Road property is not an actual place of worship and is not annexed and necessary to the occupation and enjoyment of the synagogue as that phrase has been construed and applied by the courts in the context of the exemption for places of actually stated religious worship.

The trial court erroneously based it decision to grant the exemption on *Appeal of University of Pittsburgh*, 407 Pa. 416, 180 A.2d 760 (1962) (involving the chancellor's residence), and *In re Swarthmore College*, 165 Pa.Cmwlth. 564, 645 A.2d 470 (1994)(involving groundskeeper's residence). Applying the more expansive exemption applicable to institutions of purely public charity—i.e., that the property be reasonably necessary to the institution's charitable purpose or be used in conformity with the charitable use—the court erroneously concluded that the Vista Road property is reasonably necessary for the occupancy and enjoyment of the synagogue.

The exemption in question in *University of Pittsburgh Appeal* and *In re Swarthmore College* arose from Article 8, Section 2(a)(v) of the Pennsylvania Constitution, which authorizes the General Assembly to exempt institutions of purely public charity and "that portion of real property of such institution which is actually and regularly used for the purposes of the institution." Pa. Const. art. 8, § 2(a)(v). The more liberal standard of reasonable necessity applied by the trial court "embrace[d] the idea of convenience and usefulness for the [charitable] purposes intended," *In re Swarthmore College*, 645 A.2d at 472, an interpretation the Supreme Court specifically rejected in *Second Church of Christ Scientist* when determining whether property is actually used for regularly stated religious worship. As quoted above, in *Second Church of Christ Scientist*, the Supreme Court explained that the exemption of property owned by an institution of purely public charity is not as constitutionally restricted as is church property, and the distinction between church and charitable property has been deliberately and clearly drawn. Cases involving universities and other charitable institutions cannot form the basis for exempting church property that does not fall within the restricted definition of place of actually stated religious worship.

In opposing the Board's appeal, the Congregation argues, inter alia, that the Board is equitably estopped from contesting the exempt status of the Vista Road property. We disagree. Although the Congregation is correct that the courts have in recent years shown less reluctance to apply the estoppel doctrine against the government, *In re Estate of Margaret Leitham*, 726 A.2d 1116, 1119–20 (Pa.

Cmwlth.), *petition for allowance of appeal denied,* 560 Pa. 713, 743 A.2d 924 (1999), "[t]hese modern advances in case law left intact the principle ... that [the government's] failure to collect the tax in the past is no bar to present collection." 726 A.2d at 1120. In *Leitham,* the court applied estoppel by laches [3] to limit the current collection of taxes previously due.

 The Board in this case is not attempting to collect taxes previously due and is not suddenly challenging the exempt status of a parcel that has long been exempt. To establish equitable estoppel against the government, a party must prove 1) intentional or negligent misrepresentation of some material fact, 2) made with knowledge or reason to know that the other party would rely upon it, and 3) inducement of the other party to act to its detriment because of justifiable reliance on the misrepresentation. *Hallgren v. Department of Public Welfare,* 712 A.2d 776 (Pa.Cmwlth.1998). The Congregation has established none of these essential elements. The Board's forbearance in taxing the Perkiomen Avenue property is not relevant to the exempt status of the Vista Road parcel.

For the reasons stated above, we reverse the order of the trial court.

Judge SMITH–RIBNER dissents.

### ORDER

AND NOW, this 6th day of January 2004, the order of the Court of Common Pleas of Berks County in the above-captioned matter is reversed.

---

3. The party asserting estoppel by laches must establish a delay arising from the complaining party's failure to exercise due diligence and prejudice to the asserting party resulting from the delay. *Estate of Leitham,* 726 A.2d at 1119.